1  Anna Y. Park
   U.S. EQUAL EMPLOYMENT
2  OPPORTUNITY COMMISSION
   255 East Temple Street, 4th Floor
3  Los Angeles, CA 90012
   Telephone: (213) 894-1083
4  Facsimile: (213) 894-1301
   Email: lado.legal@eeoc.gov
5
   Attorneys for Plaintiff
6  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10
11  U.S. EQUAL EMPLOYMENT          )   CASE NO.
    OPPORTUNITY COMMISSION,        )
12                                 )   **COMPLAINT - CIVIL RIGHTS**
              Plaintiff,           )   **EMPLOYMENT DISCRIMINATION**
13       v.                        )
                                   )   Civil Rights Act of 1964, as amended,
14  GNLV, CORP. d/b/a GOLDEN NUGGET)   42 U.S.C. §§ 2000e, *et seq.*
    HOTEL AND CASINO, and DOES 1-10,)
15  Inclusive.                     )   **DEMAND FOR TRIAL BY JURY**
                                   )
16            Defendants.          )
    _____)

17

18                          **NATURE OF THE ACTION**

19       This is an employment discrimination action brought by the United States Equal

20  Employment Opportunity Commission (the "Commission") under Title VII of the Civil Rights

21  Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices

22  on the basis of race, sex, and retaliation, and to provide appropriate relief to Robert Royal and

23  other similarly situated individuals who were adversely affected by such practices. The

24  Commission alleges that Defendants GNLV, Corp., d/b/a Golden Nugget Hotel and Casino, and

25  Does 1-10 (collectively "Defendants" or "Defendant Employers"), subjected certain claimants

26  and others to a hostile work environment based on their race (Black) and sex (female), including

27  intimidation and threats of physical force, as well as racial epithets by co-workers, supervisors

28  and third parties. The Commission further alleges that Defendants retaliated against individuals

1  for reporting such unlawful practices, subjecting them to verbal warnings, written warnings, and
2  even suspension from work.

## JURISDICTION AND VENUE

4  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,
5  1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and
6  707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3)
7  and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

8  2.  The employment practices alleged to be unlawful were committed within the
9  jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

11  3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is
12  the agency of the United States of America charged with the administration, interpretation and
13  enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and
14  (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6.

15  4.  At all relevant times, Defendant Employer, GNLV, Corp., d/b/a Golden Nugget
16  Hotel and Casino, a Nevada corporation, has continuously been doing business in the State of
17  Nevada and the City of Las Vegas, and has continuously had at least 15 employees. At all
18  relevant times, Defendant Employer, GNLV, Corp., d/b/a Golden Nugget Hotel and Casino, has
19  continuously been an employer engaged in an industry affecting commerce within the meaning of
20  Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

21  5.  Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES
22  1 through 10, inclusive, herein and therefore Plaintiff sues said Defendants by such fictitious
23  names. Plaintiff reserves the right to amend the complaint to name the DOE defendants
24  individually or corporately as they become known. Plaintiff alleges that each of the Defendants
25  named as DOES was in some manner responsible for the acts and omissions alleged herein and
26  Plaintiff will amend the complaint to allege such responsibility when same shall have been
27  ascertained by Plaintiff.

28  ///

6. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, joint employer, integrated enterprise, employee and/or under the direction and control of the other Defendants, except as otherwise specifically alleged. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

7. It is further alleged on information and belief that the unnamed Defendants in the complaint are alter egos, joint employers, and/or integrated enterprises of Defendant GNLV, Corp., d/b/a Golden Nugget Hotel and Casino.

## STATEMENT OF CLAIMS

8. All conditions precedent to the institution of this lawsuit have been fulfilled. More than thirty days prior to the institution of this lawsuit, Robert Royal filed a charge with the Commission alleging violations of Title VII by Defendant Employers.

9. Since at least September 1, 2002, Defendant Employers have engaged in unlawful employment practices at their Las Vegas, Nevada, facility in violation of Sections 703(a), 704 and 707 of Title VII, 42 U.S.C. § 2000e-2(a), -3(a) and -6. These violations include subjecting employees to a hostile work environment based on their race (Black) and sex (female), including intimidation, threats of physical force, and racial epithets. Female employees were subjected to a hostile work environment based on their sex, including sexual advances and abusive comments. Defendants also retaliated against individuals for reporting such unlawful practices, subjecting the employees to verbal warnings, written warnings, and even suspension from work.

10. The effect of the practices complained of above has been to deprive Robert Royal and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their race (Black) and for engaging in protected activites. The effect of the practices also deprived female employees of equal

employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Robert Royal and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from 1) engaging in disparate treatment and any other employment practice which discriminates on the basis of race, and/or sex, and 2) discriminating against any individual because he or she has opposed any unlawful employment practice or because he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under 42 U.S.C. § 2000e-3.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks and females and to prevent retaliation for engaging in a protected activity, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employers to make whole Robert Royal and other similarly situated individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement and frontpay.

D. Order Defendant Employers to make whole Robert Royal and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

///

E. Order Defendant Employers to make whole Robert Royal and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employers to pay Robert Royal and other similarly situated individuals punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 29, 2006

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

BY: _____
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION