# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | 2:06-cv-01225-RCJ-PAL |
| vs. | **ORDER** |
| GNLV CORP. d/b/a GOLDEN NUGGET HOTEL AND CASINO, and DOES 1-10, inclusive, | |
| Defendants. | |

This employment discrimination case is on remand from the Ninth Circuit Court of Appeals. Previously, Judge Brian E. Sandoval granted Defendant GNLV's motion for summary judgment on Plaintiff's claim that Defendant harbored a pattern or practice of racial and sexual discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 110). Because summary judgment was granted in Defendant's favor as to the pattern-or-practice allegations, Judge Sandoval found that the claims of the six individual employees were moot. (*Id.* at 4). On appeal, the Ninth Circuit affirmed the pattern-or-practice ruling but held that the mootness finding as to the individual employees' claims was in error, reasoning that "[a] judgment in favor of an employer on a class-wide pattern-or-practice claim does not preclude class members from brining individual discrimination claims." (Ninth Circuit Op. 2, ECF No. 137). The case was thus remanded for further proceedings on the individual employees' claims.

# I.      FACTS AND PROCEDURAL HISTORY

The parties are well-acquainted with the facts of this case and the Court provides only a brief summary here.  In 2003, Robert Royal, a table-games dealer at Defendant's casino, filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that GNLV had subjected him to a racially-hostile work environment and that GNLV retaliated against Royal for complaining about how customers treated him.  The EEOC conducted an investigation. The investigation produced five other employees who claimed to have suffered a hostile work environment, based either on sex or race, and who claimed that GNLV had retaliated against them when they reported such behavior.  Concluding that Defendant was engaged in a pattern or practice of discriminatory behavior, the EEOC filed this lawsuit in 2006 on behalf of Royal, Susie Fein, Ervin Nixon, Jr., Eddie Mae Hunter, Dorothy Blake, and Tequella Candice Smith.

In December 2008, Defendant submitted a motion for summary judgment as to the EEOC's pattern-or-practice claim as well as motions for summary judgment as to the claims of the individual employees.  As stated, the motion was granted by Judge Sandoval and affirmed in part by the Ninth Circuit.  In reversing the mootness ruling, this Court was directed on remand to consider the merits of the individual employees' claims.

On December 18, 2014, the Court ruled on GNLV's individual motions for summary judgment related to each of the six separate employees' claims of racial or sexual discrimination and retaliation. (ECF No. 160).  The Court granted Defendant's motions in their entirety as to Royal, Hunter, and Blake and in part as to the other complainants.  Accordingly, the only remaining issues in this case are the EEOC's claims that Fein was subjected to a hostile work environment and that GNLV retaliated against Nixon and Smith for reporting discriminatory conduct.

1    Now pending before the Court is the EEOC's Motion for Summary Judgment on a

2    number of GNLV's affirmative defenses. (ECF No. 67).  The Court has considered the Motion

3    along with the Response (ECF No. 75) and the EEOC's Reply (ECF No. 103).  For the reasons

4    contained herein, the Motion is GRANTED in part and DENIED in part.

5    **II.    LEGAL STANDARD**

6    A principal purpose of the summary judgment rule is to "isolate and dispose of factually

7    unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  A

8    court grants summary judgment only if "the movant shows that there is no genuine issue as to

9    any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

10   56(a).  In making this determination, the court "must draw all reasonable inferences supported by

11   the evidence in favor of the non-moving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

12   1054, 1061 (9th Cir. 2002).  "[T]his standard provides that the mere existence of *some* alleged

13   factual dispute between the parties will not defeat an otherwise properly supported motion for

14   summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Rather,

15   only genuine issues of *material* facts are relevant to the summary judgment analysis.  A fact is

16   material if it "might affect the outcome of the suit under the governing law." *Id.* at 248.  "The

17   moving party bears the initial burden of establishing the absence of a genuine issue of material

18   fact." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  The burden is

19   met by demonstrating to the court "that there is an absence of evidence to support the nonmoving

20   party's case." *Celotex Corp.*, 477 U.S. at 325.  This is done by citing to depositions, documents,

21   electronically stored information, affidavits or declarations, stipulations, admissions,

22   interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).  Once the initial burden is

23

24

met, however, "Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial." *Fairbank*, 212 F.3d at 531.

Moreover, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Conversely, where reasonable minds could differ on the facts proffered in support of a claim, summary judgment should not be granted. *Petzak v. Nevada ex rel. Dep't of Corr.*, 579 F. Supp. 2d 1330, 1333 (D. Nev. 2008). "Summary judgment is inappropriate if reasonable jurors . . . could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## III.   DISCUSSION

The EEOC challenges the GNLV's first, second, third, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, sixteenth, twentieth, and twenty-first affirmative defenses. The Court will consider the parties' arguments in light of the remaining claims, recognizing that the briefing on this Motion was completed over six years ago.

### A.  First Affirmative Defense – Failure to State a Claim

Defendant's first affirmative defense alleges that the EEOC's "Complaint fails to state a claim upon which relief can be granted." (Answer 2, ECF No. 4). In its December 18, 2014 Order, the Court determined that the EEOC has presented evidence demonstrating genuine issues of material facts regarding three claims—Fein's allegation of a hostile work environment and Nixon's and Smith's allegations of retaliation. To the extent the first affirmative defense is a

Rule 12(b)(6) challenge, it fails. *See EEOC v. NCL America, Inc.*, 536 F. Supp. 2d 1216, 1224 (D. Haw. 2008).  However, to the extent that the EEOC is seeking summary judgment on the substantive issues raised by the defense, the Court finds that those matters should be left for trial. The Motion as to this defense is therefore granted in part and denied in part.

### B.  Second & Seventh Affirmative Defenses – Non-Discriminatory Reasons

The second affirmative defense alleges that "any actions taken by Defendant were proper, legitimate, based upon good faith and were not motivated by hatred, ill-will or with the deliberate intent to injure the individuals . . . ." (Answer 2).  The seventh affirmative defense alleges that "Defendant had legitimate, non-discriminatory, and non-retaliatory reasons for any actions taken with respect to the individuals for whom [the EEOC] seeks relief." (*Id.* at 3).

The EEOC acknowledges that the second and seventh affirmative defenses "may be defenses to the retaliatory claims." (Mot. Summ. J. 9 n.2, ECF No. 67).  Since Nixon's and Smith's retaliation claims survived GNLV's motion for summary judgment, these defenses are still applicable.  Accordingly, the Motion is denied as to these defenses.

### C.  Third Affirmative Defense – Privilege of an Employer

GNLV's third affirmative defense claims that the EEOC's Complaint is barred because its conduct "at all times was privileged in that [GNLV] and its authorized agents at all times engaged in conduct within [GNLV's] rights and did so in a permissible way . . . ." (Answer 2). The EEOC argues that there "is no privilege which allows employers to discriminate against its employees based on their race or sex." (Mot. Summ. J. 11, ECF No. 67).  GNLV, however, contends that this defense refers to an employer's privilege to discipline employees for inappropriate conduct. (Resp. 16, ECF No. 103).  Essentially, this defense relates to GNLV's claim that it exercised reasonable care in preventing harassment and that the claimants

unreasonably failed to take advantage of corrective opportunities. (*Id.*).  To that extent, the defense is allowed.  The Court does not interpret this defense as claiming a privilege to discriminate against employees as the EEOC suggests.  Rather, it is clear that this defense, as with the second and seventh affirmative defenses, is raised as part of the *Faragher/Ellerth* framework. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).  The Court denies the Motion as to this defense.

### D.  Fourth Affirmative Defense – Punitive Damages

The fourth affirmative defense alleges that the EEOC "fails to allege facts sufficient to give rise to a claim for punitive damages."  The EEOC argues that as a matter of law, an employer can be held liable for punitive damages under Title VII and that the Complaint properly pleaded the basis for punitive damages. (*Id.* at 9).  As with GNLV's first affirmative defense, to the extent that the fourth affirmative defense is a Rule 12(b)(6) challenge, it fails. The Complaint claims that GNLV's alleged employment practices "were done with malice or with reckless indifference to the federal protected rights of [the complainants]," (Compl. ¶ 12, ECF No. 1), which conforms with the applicable standard in awarding punitive damages, *see* 42 U.S.C. § 1981a(b)(1).  However, to the extent that the EEOC is seeking summary judgment on whether punitive damages should be awarded, that is a matter that should be left for trial.  As such, the Court will grant in part and deny in part the EEOC's Motion as to this defense.

### E.  Ninth Affirmative Defense – Failure to Mitigate

The ninth affirmative defense claims that an award of damages is barred, in whole or in part, by the failure of the complainants "to undertake reasonable efforts to mitigate damages." (Answer 3).  The failure to mitigate defense is relevant to an award of back pay. *See Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980).  The EEOC acknowledges that it is

6

seeking back pay on behalf of claimants Fein and Nixon, and that this defense would be applicable to those claims. (Mot. Summ. J. 11 n.3).  Since both Fein and Nixon have claims remaining in this case, this defense remains viable.   The Motion is denied as to the ninth affirmative defense.

### F.  Tenth Affirmative Defense – Proximate Cause

Defendant's tenth affirmative defense alleges that the damages suffered by the individual employees "were caused by their own willful acts, negligence, or omission and/or from acts and/or omissions of persons other than Defendant or its authorized agents." (Answer 4).  GNLV claims that this defense is relevant to whether it can be held liable for the hostile work environment that the EEOC claims was suffered by Fein.  The Court agrees.  A remaining issue in this case is whether GNLV knew or should have known about the discriminatory comments directed at Fein by certain customers.  If Fein's alleged failure to report the instances of discrimination prohibited GNLV from discovering and addressing the offensive conduct, then Fein's damages may in fact be a result of her own omissions.  Therefore, the EEOC's Motion is denied as to this defense.

### G.  Eleventh & Twelfth Affirmative Defenses – Failure to Exhaust Administrative Remedies

The eleventh and twelfth affirmative defenses claim that the EEOC failed to exhaust administrative remedies before filing this lawsuit and that at least some of the claims fall outside of the scope of the EEOC complaint filed by Royal. (Answer 4).  The EEOC argues that these defenses are inapplicable to this case since "[e]xhaustion of administrative remedies is not an issue when the EEOC itself is the plaintiff" and because "the EEOC's lawsuit is not confined to the initial charge." (Mot. Summ. J. 12).

As GNLV notes, there are "a series of procedural steps that the EEOC must take before filing suit under Title VII." (Resp. 19).  Title VII requires that once the EEOC receives a charge by an aggrieved employee it must "serve a notice of the charge" on the employer. 42 U.S.C. § 2000e-5(b).  The EEOC must then conduct an investigation of the charge. *Id.*  If at the conclusion of the investigation the EEOC finds reasonable cause for the complaint, the EEOC must seek to eliminate the unlawful employment practice "by informal methods of conference, conciliation, and persuasion." *Id.*  Only after informal means of resolution have failed may the EEOC file a lawsuit against the employer. *Id.* § 2000e-5(e).

Thus, to argue that the EEOC is not required to exhaust administrative remedies is a bit disingenuous when it is clear that there are procedures that the EEOC must follow before filing suit. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 368 (1977) (explaining that Congress created administrative procedures whereby the EEOC could initiate civil actions in federal court).  In particular, the EEOC has the duty to identify to the accused employer "the groups of persons that it has reason to believe have been discriminated against, the categories of employment positions from which they have been excluded, the methods by which the discrimination may have been effected, and the periods of time in which [the EEOC] suspects the discrimination to have been practiced." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 73, 81 (1984) (setting the standard for notices in a pattern-or-practice case).

However, the EEOC is allowed to pursue any violations of Title VII that are ascertained "in the course of a reasonable investigation of the charging party's complaint." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 331 (1980).  It is undisputed that Royal filed a charge of discrimination against GNLV alleging racial harassment and retaliation.  During its investigation of those claims, the EEOC discovered that other employees were allegedly being retaliated

8

against and that in addition to racial harassment there were allegations by other table-games dealers, such as Fein, of sexual harassment.  Accordingly, GNLV cannot argue that the EEOC failed to follow procedure or exhaust remedies as to Fein's and Nixon's claims, and the Motion is granted in that respect.

There is a genuine dispute, however, whether Smith's claims fell within the scope of the notice that the EEOC provided to GNLV.  Unlike the other claimants, Smith was not employed as a table-games dealer but rather as a kitchen steward.  And, in fact, there is evidence to suggest that no conciliation efforts were made on Smith's behalf since she was not a member of the identified group that was allegedly subjected to discrimination and harassment. (*See* Smith Dep.73:13–22, 74:1–75:5, ECF No. 75-3).  Since a genuine dispute exists regarding the EEOC's compliance with administrative procedure as to Smith and her claims, the Court denies summary judgment on GNLV's eleventh and twelfth affirmative defenses in regards to Smith's claim.

**H.  Thirteen Affirmative Defense – Laches**

The thirteenth affirmative defense alleges that the EEOC's claims "are barred by the doctrine of laches." (Answer 4).  "Laches is an equitable defense that prevents a plaintiff, who 'with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights.'" *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (citation omitted).  "The defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)).

In this case, GNLV argues that the EEOC failed to diligently pursue the claims raised in this lawsuit and that this failure has hindered GNLV's ability to defend itself.  The EEOC

received Royal's complaint on April 18, 2003 but did not file suit until September 29, 2006, a span of approximately forty-one months.  Although the EEOC argues that it did not engage in inexcusable delay, a reasonable jury could find that this three-and-a-half year gap was not justified.  This defense further withstands summary judgment because a juror would certainly be reasonable in concluding that prejudice arose from the delay, given that memories undeniably fade over time and individuals with personal knowledge surrounding the allegations surely remembered less in 2006 than they did in 2003.  The Motion is denied as to this defense.

## I. Fourteenth Affirmative Defense – Statute of Limitations

Defendant's fourteenth affirmative defense claims that the EEOC's Complaint "is barred as untimely." (Answer 4).  The Supreme Court has held that a statute of limitations does not apply to Title VII claims brought by the EEOC. *Occidental Life Ins. Co.*, 432 U.S. at 369–70. Moreover, the Court finds that GNLV's interest in having this case timely pursued is better protected under its laches defense.  The Motion is granted as to the EEOC's Title VII claims.

However, the EEOC apparently also seeks recovery for emotional distress, which would be governed by state law rather than Title VII, including the applicable statute of limitations. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459 (1975) (holding that Title VII does not deprive an aggrieved individual of other remedies and that the plaintiff "is not limited to Title VII in his search for relief).  To the extent that the EEOC does seek damages for emotional distress on the remaining claims, GNLV is entitled to assert a statute of limitations defense on the state tort claim.  The Motion is denied as to the emotional distress claim and any other claim for damages arising from state law.

## J. Sixteenth Affirmative Defense – Nevada Industrial Insurance Act

The sixteenth affirmative defense alleges that the EEOC's "claims for alleged emotional

distress are barred by the exclusive remedy provisions of the Nevada Industrial Insurance Act ["NIIA"]." (Answer 4).  The EEOC argues that "[b]ecause this case is a federal lawsuit brought by a federal government agency pursuant to Title VII, Nevada state law is not controlling and has absolutely no bearing on this federal suit." (Mot. Summ. J. 17–18).  However, the EEOC overlooks the fact that damages for emotional distress are not available under the remedies section of Title VII. *Williams v. U.S. Gen. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir. 1990).

"Although plaintiffs may not recover emotional distress damages under a Title VII claim, Title VII does not supplant independent state remedies.  Thus, where the emotional distress claim arises in conjunction with the Title VII claim, damages may be awarded for harm that is distinct from the employment discrimination injury." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 737 n.5 (9th Cir. 1986).  In such a case, the state law scheme for recovery would certainly be relevant and could potentially bar recovery. *See id.* at 737 (considering whether an employer's conduct could be considered "outrageous" under California law such that the employer caused emotional distress).  Accordingly, the EEOC has failed to demonstrate that summary judgment is warranted on the sixteenth affirmative defense, and the Motion is denied.

### K.  Twentieth Affirmative Defense – Lack of Jurisdiction

GNLV's twentieth affirmative defense essentially alleges that this case is barred because "the jurisdictional prerequisites of genuine investigation, reasonable cause determination and conciliation have not been met by [the EEOC]." (Answer 5).  The EEOC argues that it is entitled to summary judgment on this defense because it engaged in both investigation and conciliation efforts and that the Court should not consider the sufficiency of those efforts. (Mot. Summ. J. 20).  Recently, the Supreme Court explained that the language contained in Title VII directing the EEOC to attempt to eliminate the unlawful employment action by conciliation "is mandatory,

1 not precatory." *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, --- (2015).  "And the duty it

2 imposes serves as a necessary precondition to filing a lawsuit." *Id.*

3    The Court held that judicial review of whether the EEOC has complied with its duty to

4 attempt conciliation is therefore subject to limited judicial review. *Id.* at ---.  Indeed, "the EEOC

5 must inform the employer about the specific allegation . . . [a]nd the EEOC must try to engage

6 the employer in some form of discussion (whether written or oral), so as to give the employer an

7 opportunity to remedy the allegedly discriminatory practice." *Id.*  "A sworn affidavit from the

8 EEOC stating that it has performed the obligations noted above but that its efforts have failed

9 will usually suffice to show that it has met the conciliation requirement." *Id.* at ---.  "If, however,

10 the employer provides credible evidence of its own, in the form of an affidavit or otherwise,

11 indicating that the EEOC did not provide the requisite information about the charge or attempt to

12 engage in a discussion about conciliating the claim, a court must conduct the factfinding

13 necessary to decide that limited dispute." *Id.*

14    In this case, GNLV concedes that an investigation occurred and that conciliation

15 negotiations took place. (*See* Resp. 21–22.)  But GNLV contends that the conciliation efforts

16 were in regards to the table-games dealers and that GNLV was unaware of Smith's allegations at

17 the time of the negotiations.  As such, GNLV argues that it did not have adequate notice that

18 harassing conduct was allegedly occurring not only on its games' floors but also in its kitchens.

19 Smith states that she did not contact the EEOC regarding her potential claims until after she was

20 no longer employed by GNLV. (Smith Dep. 73:13–74:12.)  Smith's employment with GNLV

21 ended on April 5, 2005, (*id.* at 75:6–76:5), and the EEOC considered conciliation efforts

22 concluded on June 6, 2005, (EEOC's Statement of Undisputed Facts ¶ 8, ECF No. 67-2).

23

24

By Smith's own testimony, she contacted the EEOC after April 5, 2005, and the EEOC has offered no evidence demonstrating that it actually attempted to conciliate Smith's claims along with the table-game dealers' claims prior to June 6, 2005, only a month later.  Since conciliation efforts are insufficient if they do not give the employer an opportunity to remedy the discrimination, i.e. by informing the employer where the discrimination is occurring, GNLV overcomes summary judgment on this defense because the evidence indicates the possibility that "the EEOC did not provide the requisite information" about Smith's charge. *See Mach Mining*, 135 S. Ct. at ---.  The EEOC's Motion on this defense is granted as it relates to Fein's and Nixon's claims, but it is denied as it relates to Smith's.

### L.  Twenty-First Affirmative Defense – Unnamed Defenses

The twenty-first affirmative defense reserves GNLV's "right to amend its Answer to assert any applicable, additional, or other defenses constituting an avoidance or affirmative defense at such time as the nature of [the EEOC's] claims and facts related to them are revealed to Defendant." (Answer 5).  As other courts have recognized, an affirmative defense must give the plaintiff fair notice of the defense. *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504 (D. Nev. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). GNLV's twenty-first defense offers no specific defense and therefore fails the pleading requirement.  Furthermore, GNLV "has by now had sufficient discovery opportunities to make this vague defense inappropriate." *NCL America, Inc.*, 536 F. Supp. 2d at 1226.  The EEOC's Motion is granted as to this defense.

///

///

///

13

**CONCLUSION**

IT IS HEREBY ORDERED that the EEOC's Motion for Summary Judgment on GNLV's affirmative defenses (ECF No. 67) is GRANTED in part and DENIED in part.

The Motion is GRANTED as to the first and fourth affirmative defenses to the extent those are Rule 12(b)(6) defenses going to the sufficiency of the pleading.  However, to the extent those defenses raise substantive issues, those issues are left for trial and the Motion is DENIED.

The Motion is GRANTED as to the eleventh and twelfth affirmative defenses to the extent those defenses allege administrative deficiencies as to Fein's and Nixon's claims.  The Motion is DENIED as to the eleventh and twelfth affirmative defenses to the extent those defenses relate to Smith's retaliation claim.

The Motion is GRANTED as to the fourteenth affirmative defense to the extent GNLV claims that the EEOC's Title VII action is barred by a statute of limitations.  However, to the extent that the defense applies to any state tort claim being raised by the EEOC, the Motion is DENIED.

The Motion is GRANTED as to the twentieth affirmative defense to the extent GNLV challenges Fein's and Nixon's claims.  It is DENIED as to Smith's remaining claim.

The Motion is GRANTED as to the twenty-first affirmative defense.

The Motion is DENIED as to the second, third, seventh, ninth, tenth, thirteenth, and sixteenth affirmative defenses.

IT IS SO ORDERED.

Dated: June 1, 2015

_____
ROBERT C. JONES
United States District Judge

14